UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OSAMA A. ALKASABI et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-02021 (RJL) |
| | ) | |
| WASHINGTON MUTUAL BANK, F.A. et al., | ) ) ) | **FILED** |
| | ) | MAY 2 8 2015 |
| Defendants. | ) | |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
May 27, 2015 [## 21, 23, 30]

Plaintiffs Osama A. Alkasabi and Nadia Haddada, proceeding *pro se*, brought this suit against defendant JPMorgan Chase Bank, N.A. ("Chase")[1] in connection with plaintiffs' purchase of a condominium in La Jolla, California. *See generally* Compl. [Dkt. # 1].[2] Plaintiffs allege that there were misrepresentations regarding whether Certificates of Occupancy for the condominium property would be issued before the loan

---

[1] Plaintiffs also named Washington Mutual Bank, F.A., Washington Mutual Bank (together, "WAMU"), and the Federal Deposit Insurance Corporation ("FDIC"), as receiver for WAMU as defendants, in their initial complaint. Plaintiffs chose to press their claims against FDIC first, and I dismissed all defendants except Chase from the case on March 24, 2014. *See* Mem. Op. & Order [Dkts. ## 11, 12].

[2] Plaintiffs also filed an Amended Complaint on January 29, 2015 [Dkt. # 26], and a Motion for Leave to File First Amended Complaint on February 13, 2015 [Dkt. # 30]. These two more recent amended complaints are materially identical, and I agree with defendant that the neither of these two amended complaints address the deficiencies in the original complaint. *See* Def.'s Reply in Supp. of its Mot. to Dismiss, at 1 [Dkt. # 29]; Def.'s Opp. to Pl.'s Mot. for Leave to File First Amended Complaint [Dkt. # 31]. Accordingly, the motion to file an amended complaint is denied. *See LaPrade v. Abramson*, No. 97-10, 2006 WL 3469532, at *6 (D.D.C. Nov. 29, 2006) (refusing to allow plaintiff to amend her complaint where amendment deadline had already passed because prejudice to defendant was not outweighed by any reasonable excuse).

closed. Before the Court is defendant Chase's Motion to Dismiss the complaint for failure to state a claim. *See* Def. Chase's Mot. to Dismiss and Mem. P. & A. in Supp. ("Def.'s Mot.") [Dkt. # 21]. Upon consideration of the pleadings, record, and relevant law, I find that the complaint fails to state a claim, and therefore defendant's motion is GRANTED, and all claims against defendant Chase are dismissed with prejudice.

## BACKGROUND

Plaintiffs' suit stems from their purchase of two condominiums at the Seahaus development in La Jolla, California. *See* Compl. ¶ 35. On December 14, 2012—more than eight years after the first condominium purchase and seven years after the second—plaintiffs filed their two-count complaint initiating this action, alleging that they did not receive "marketable title to their Seahaus Units because of the absence of a Certificate of Occupancy from the City of San Diego." Compl. ¶ 35.[3] In their Complaint, plaintiffs asserted claims for negligent misrepresentation and declaratory judgment against FDIC, in its capacity as receiver for WAMU, and Chase. *Id.* Plaintiffs chose to proceed with their claims against the FDIC first,[4] and on March 21, 2014, this Court dismissed with

---

[3] On July 31, 2013, plaintiffs filed a Notice of Partial Voluntary Dismissal [Dkt. # 10] pursuant to Fed. R. Civ. P. 41(a)(1), dismissing with prejudice their claims against defendant Chase relating to the second condominium property (5460 La Jolla Blvd., Unit G301), pursuant to a Confidential Settlement Agreement and General Release applicable to that property. The Notice does not pertain to the first condominium property (5470 La Jolla Blvd., Unit H301). Accordingly, this Opinion only addresses plaintiffs' claims relating to the "H301" property, as those are the only allegations that remain in the Complaint.

[4] As part of my Order dismissing FDIC and WAMU from the case, I directed plaintiffs to show cause in writing why the case should not also be dismissed against Chase for failure to effect service pursuant to Fed. R. Civ. P. 4(m). *See* Order, Mar. 24 2014, at 2 [Dkt. No. 12]. On April 12, 2014, Chase agreed to waive service of the Complaint, and so the case proceeded. *See* Def.'s Mem. at 4; Waiver of Service of Summons [Dkt. No. 13].

2

prejudice plaintiffs' claims against the FDIC, finding that I lacked subject matter jurisdiction. *See* Mem. Op., filed Mar. 21, 2014 [Dkt. # 11]. I also stated that plaintiffs' claims were time-barred under the District of Columbia's three-year statute of limitations for negligent misrepresentation claims. *Id.* at 14-15 n.9.

The Complaint seeks to hold Chase liable for WAMU's alleged actions as successor in interest, *see* Compl. ¶ 14, and alleges that Chase is "also liable for its own Post-Purchase conduct by committing Post-Purchase Negligent Misrepresentations and wrongful acts stated herein in this Complaint, from September 25, 2008, to [the] present." *Id.* ¶ 15. Between the time when the loans closed and when plaintiffs initiated this action, WAMU collapsed. On September 25, 2008, the U.S. Department of the Treasury's Office of Thrift Supervision declared WAMU insolvent and appointed the FDIC as receiver pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989) (codified in various sections of Title 12 of the U.S. Code). *See* Compl. ¶ 2; 12 U.S.C. § 1821(c). Chase entered into a Purchase and Assumption Agreement ("P&A Agreement") with the FDIC in which Chase acquired certain WAMU assets from the FDIC as receiver for the failed bank. *See* Ex. A, Request for Judicial Notice In Supp. of Mot. to Dismiss [Dkt. # 22-1].[5] The Complaint alleges in some instances that Chase assumed all of WAMU's liabilities, *see* Compl. ¶ 18, but in other instances alleges that Chase did not assume WAMU's

---

[5] The P&A Agreement is properly considered without converting the motion to dismiss into a motion for summary judgment because it was cited and relied upon in plaintiffs' Complaint. *See Dubois v. Wash. Mut. Bank*, Civ. No. 09-2176, 2010 WL 3463368, at *3 n.2 (D.D.C. Sept. 3, 2010) (finding that reference to P&A Agreement, which was cited in the complaint, did not convert motion to dismiss into one for summary judgment).

liabilities, *see id.* ¶ 35. The P&A Agreement provides that Chase did not assume WAMU's liabilities that are "claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by WaMu" prior to September 25, 2008, which is when WAMU was placed into receivership. P&A Agreement, § 2.5. The property at issue here—5470 La Jolla Blvd., Unit H301—was purchased on June 1, 2005. *See* Compl. ¶ 9.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On such a motion, a court construes a *pro se* complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level. . . ."). 

A court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted). However, the court need not "accept legal conclusions cast in the form of

4

factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim." *Harris v. Amalgamated Transit Union Local*, 689, 825 F. Supp. 2d 82, 85 (D.D.C. 2011).

## ANALYSIS

Defendant argues that the claims should be dismissed with prejudice to the extent they relate to WAMU's conduct, and not Chase's conduct, because Chase did not assume WAMU's borrower-related liabilities prior to a certain date. *See* Def.'s Mot. at 7. I agree. In the P&A Agreement, Chase agreed to acquire certain WAMU assets from the FDIC but did not agree to acquire WAMU's borrower-related liabilities. Specifically, Article 2.5 of the P&A Agreement states as follows:

> Borrower Claims. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related to any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by [Chase].

Ex. A [Dkt. # 22-1]. Several courts have found that this language bars borrowers from asserting claims against Chase based on WAMU's conduct. *See Dubois v. Washington*

*Mut. Bank*, No. CIV. 09-2176 RJL, 2010 WL 3463368, at *3 (D.D.C. Sept. 3, 2010) *aff'd*, 492 F. App'x 117 (D.C. Cir. 2012) (dismissing claims against Chase because plaintiff's claims arise out of conduct allegedly performed by WAMU and the P&A Agreement expressly bars such claims against Chase); *Almaraz v. JPMorgan Chase*, No. C09-5569, 2010 WL 583646, at *1 (N.D. Cal. Feb. 16, 2010) (dismissing claims against Chase because Chase did not assume borrower claims under P&A Agreement). Here, plaintiffs assert claims against Chase, in part, because of the purported conduct of WAMU that occurred *before* the mortgage loan related to the H301 Unit closed in June 2005, more than three years before the September 25, 2008 P&A Agreement. *See* Compl. ¶ 14. Because Chase did not assume liability for borrower claims pursuant to the terms of the P&A Agreement, plaintiffs' claims against Chase related to WAMU's conduct must be dismissed.

To the extent that the Complaint attempts to allege that Chase is "also liable for its own Post-Purchase conduct by committing Post-Purchase Negligent Misrepresentations and wrongful acts as stated herein in this Complaint," *see* Compl. ¶¶ 19, 26, 35, those allegations lack sufficient factual specificity. Indeed, the Complaint does not allege the content of the post-purchase false misrepresentations, what the post-purchase misrepresented facts were, or what plaintiffs lost as a result of any post-purchase misrepresentations. *See* Def.'s Mem. at 12; *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (explaining that a court need not "accept legal conclusions cast in the form of factual allegations").

## CONCLUSION

Thus, for the foregoing reasons, the Court GRANTS defendant Chase's Motion to Dismiss. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge